Birchard, J.
Several questions are presented, which render this case intricate, and the decision somewhat difficult, if they are allowed to be so mixed up as to prevent each one from receiving a separate consideration. In examining them severally, we have *216 found little difficulty in arriving at conclusions satisfactory to our own minds, aided, as we have been, by the careful, orderly, and thorough preparation of the case by counsel.
*The plaintiff’s first claim of title is under the deed from the heirs of Goodwin. These heirs took, by descent, from Goodwin whatever interest they had to convey. Their estate was no greater than that of their ancestor. Goodwin’s interest in the lot was levied upon and sold in 1822; and this sale, which was subsequently confirmed, left in him no interest whatever, from and after the day of sale. When the sheriff’s deed was finally executed and delivered, it, by relation, took effect as of the day of sale, and passed to the purchaser all the interest he then had.
Subsequently to that sale, he acquired no new interest in the land, and therefore dying seized and possessed of no right or title to the land, his heirs inherited nothing from him, and their deed to the plaintiff passed nothing, and may be treated as out of the way.
Whether the deed from Morgan vested in the plaintiff’s lessor any title or not, is the next question in the order of inquiry. Morgan’s right grew out of the coroner’s sale to him, which was made on December 31, 1822, and his possession, which was under that sale. The deed which was subsequently executed, under the order of the court confirming the coroner’s proceedings, gave him no new right. It merely confirmed the right acquired at the sale. If he had sold and conveyed, before the sheriff’s deed was finally executed, the' deed would have inured, when executed and delivered, to protect the title of his vendee; for the sheriff’s deed would relate back to the sale on execution, and operate as a conveyance to him from that time.
With this view of the title deeds offered in evidence by the plaintiff’s lessor, let us next consider the effect produced by the evidence given by the defendant. I lay out of view, as evidence of title, the coroner’s deed, executed on April 16, A. d. 1823, because it does not contain the requisite recitals, and was executed without a confirmation of the sale by the court; also, the deed of the coroner, executed October 4, A. d. 1825, because there was then in office a sheriff, who was the proper successor of the coroner who made the *sale, for the purpose of executing the deed. Schooloy, under whom defendant claims, was a purchaser at a sheriff’s sale, on execution against Morgan, who was then in. *217 possession of the lot, and who was a purchaser at the sale upon •execution against Goodwin. He then owned all the right which he ever had to the premises. The sheriff’s deed vested all the title which Morgan had, at the time of sale, in Schooley. This is the effect produced by the statute, and if we are right in holding that a sheriff’s deed relates back to the sheriff’s sale, and is operative from that time as a conveyance, concerning which we have no doubt, it follows that the estate of Morgan, in this land, was -divested by that sale, and that the defendant is entitled to judgment.
But it is said that the deed of Morgan, of February, 1835, being prior to the sheriff’s deed of March, in the same year, and containing a covenant “ that he had done nothing whereby the title could be annulled,” vests a title in the plaintiff’s lessor, by way of estoppel or rebutter. To give this effect, it must be assumed that the setting up of title by the defendant, as derived from the sheriff’s sale to Schooley, is an act done by Morgan, in the face of his covenant. It could not be pretended that the covenant would work an estoppel, unless the position assumed by the defendant is to be regarded as the act of Morgan, the grantor, and is such .as to constitute a breach of his covenant.
The right asserted by the defendant, however, does not conflict with Morgan’s covenant. It does not establish the fact that he had done anything whereby his title could be annulled. It simply proves that he had omitted an act which was necessary to perfect his title, and this makes no case of estoppel, for estoppel is a matter of strict law.
An express warranty is the only contract which has the effect to estop the warrantor, and those claiming under him, from maintaining title under a subsequent purchase. The covenant must be me running with the land.
Judgment for defendant.